IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **VIVIAN FULWOOD,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WALMART INC. and WAL-MART STORES, L.P.,**<br><br>**Defendants.** | Civil Action No. 5:21-CV-00458-TES |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 60 MOTION TO SET ASIDE ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT

COMES NOW Defendants Walmart Inc. and Wal-Mart Stores East, L.P. (hereinafter "Defendant" or "Walmart"), by and through undersigned counsel, and files its Response to Plaintiff's Rule 60 Motion to Set Aside Order Granting Motion to Set Aside Entry of Default, and states as follows:

### ARGUMENT AND CITATION TO AUTHORITY

Plaintiff's motion seeks to have the Court overturn its prior order and reinstate the entry of default against Defendant Walmart due to the admitted error of its counsel. However, Plaintiff has failed to show why Plaintiff would be entitled to this unusual relief simply based on counsel's attempt to correct the record, which did not fundamentally change the facts the Court relied upon in reaching its initial order. Walmart hired a law firm to represent it in a lawsuit, and the four individuals

1

within the law firm who received the email communication from Defendant failed to forward the assignment and notification of service to the Georgia attorney handling the matter.  This resulted in counsel for Defendant failing to timely respond to Plaintiff's complaint.  This is not a "completely" different story than what Defendant explained in its original motion as Plaintiff suggests.

As noted by the Court in its Order setting aside the Entry of Default [Dkt. 16], policy favors determining cases on their merits and defaults are viewed with disfavor.  Plaintiff has not shown how the change in the identity of the individual who failed to forward the assignment email, in an office multiple states away from local counsel in this matter, ultimately changes the overall analysis that Defendant showed "good cause" to overturn the order.

For example, Plaintiff still presents no argument that the default was culpable or willful, or anything other than an oversight and miscommunication within Defendant's law firm.  FordHarrison has taken full responsibility for the error, and there is simply no argument that Walmart purposefully and willfully avoided timely responding to Plaintiff's lawsuit.  Rather, as even Plaintiff has pointed out, Walmart participated in the defense of this matter during EEOC proceedings and promptly retained counsel to represent it upon receiving notification of service.  None of this behavior suggests Walmart willfully intended to avoid any obligations to respond to Plaintiff's Complaint.

Plaintiff also has failed to show how she was prejudiced by the initial Order setting aside the entry of default. Plaintiff continues to suggest that she has been prejudiced by failing to obtain a victory due to attorney error. While Plaintiff is entitled to challenge Defendant's motion, Plaintiff's decision to oppose Defendant's motion does not ultimately result in prejudice to her. Further, Plaintiff's is also entitled to seek the unusual remedy of the Court overturning an order setting aside the order setting aside the entry of default, but Plaintiff cannot claim she is prejudiced by seeking this unusual remedy. Plaintiff is also not prejudiced by Defendant not providing "evidence," which is not required to support a motion to set aside an entry of default, and suggests instead that Defendant should have publicly filed its privileged correspondence with counsel, again without explaining how this would alter the Court's analysis.

Plaintiff also argues that Defendant's notification to the Court to correct an error in its initial filing should nullify Defendant's efforts to promptly correct and resolve this matter. Again, the critical facts and reason for failing to timely answer have not changed. Rather, counsel acted promptly to correct the default, filing for the entry of default to be set aside three (3) days after learning of the matter. [Dkt. 10, Dkt. 17-1, ¶ 4]. Though the undersigned counsel's initial information regarding why she did not receive the case assignment email was incorrect, it still remains true that Walmart, upon learning of the default, immediately reached out to counsel to

correct the error. Plaintiff has not cited to any authority that would support its extreme position that all of Defendant's actions since learning about the default should be ignored.

## CONCLUSION

WHEREFORE, ABOVE PREMISES CONSIDERED, Walmart respectfully requests this Court deny Plaintiff's Motion to Set Aside the Order Setting Aside the Entry of Default.

Dated this 21 day July, 2022.

                                              Respectfully submitted,

*/s/ Abigail J. Larimer*
Abigail J. Larimer
Georgia Bar No. 999229
alarimer@fordharrison.com
FORDHARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA  30363
T (404) 888-3800 | F(404) 888-3863

Peter Reed Corbin
Of Counsel
Georgia Bar No. 187388
pcorbin@fordharrison.com
FORD**HARRISON** LLP
225 Water Street, Suite 710
Jacksonville, Florida 32203
T (904) 357-2000 | F (904) 357-2001

Attorneys for Defendants
Walmart Inc. and Wal-Mart Stores, L.P.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**VIVIAN FULWOOD,**

    **Plaintiff,**

  v.

**WALMART INC. and WAL-MART STORES, L.P.,**

    **Defendants.**

**Civil Action No. 5:21-CV-00458-TES**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, I electronically filed the above-foregoing with the Clerk of the Court and have served via electronic filing on the following counsel of record as listed below:

Kenneth E. Barton, III
keb@cooperbarton.com
COOPER, BARTON & COOPER, LLP
170 College Street
Macon, GA 31201
T (478) 841-9007 | F (478) 841-9002

FORDHARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone : (404) 888-3800
Facsimile:   (404) 888-3863

*/s/ Abigail J. Larimer*
Abigail J. Larimer
Georgia Bar No. 999229
alarimer@fordharrison.com

Attorney for Defendants
Walmart Inc. and Wal-Mart Stores, L.P.

WSACTIVELLP:13258102.2