IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **VIVIAN FULWOOD,**  *Plaintiff,*  v.  **WALMART, INC. and WAL-MART STORES EAST, LP,**  *Defendants.* | **CIVIL ACTION NO. 5:21-cv-00458-TES** |

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF

Before the Court is Plaintiff Vivian Fulwood's blanket Rule 60-based Motion for Relief [Doc. 18] from the Court's previous ruling setting aside the Clerk of Court's entry of default against Defendant Walmart, Inc. and Wal-Mart Stores East, LP (collectively "Walmart"). *See generally* [Doc. 16].

Plaintiff ostensibly brings her motion pursuant Federal Rule of Civil Procedure 60(b), but she is frustratingly vague as to which of its six reasons warrants relief. [Doc. 18, p. 6]; *see* Fed. R. Civ. P. 60(b). Rather than cite the specific reason (or reasons) she would have the Court vacate its previous ruling, Plaintiff improperly attempts to hedge her bets by merely making a laundry list of most of the grounds articulated in Rule 60(b). [Doc. 18, p. 6]. She argues that the Court's previous ruling "is necessarily based on mistaken information, newly discovered evidence, . . . potential[] fraud,

mispresentation, or misconduct[.]" [*Id.*]. Other than ensuring that she has those buzzwords on the record, she really only focuses on just one of them: "the misrepresentations initially made" to the Court for its consideration of Walmart's efforts to set aside the entry of default. [*Id.*]. Despite her wholly unsupported and rather bold assertion that the Court's previous ruling could be predicated on fraud by Walmart's counsel, the crux of Plaintiff's request is that Walmart's Motion to Set Aside Entry of Default [Doc. 10] "was based entirely on a faulty premise." [*Id.* at pp. 6, 8]. In a sense, yes, but generally speaking when looking at the grand scheme of things, it really wasn't.

When Walmart failed to timely respond to Plaintiff's Complaint [Doc. 1], the Clerk of Court—on application by Plaintiff—placed an entry of default on the record against Walmart. [Doc. 8]. Walmart, through its representation by FordHarrison LLP, moved to set it aside. [Doc. 10]. The driving force behind Walmart's excuse for why it failed to timely respond to Plaintiff's Complaint was because a non-attorney employee at FordHarrsion "failed to forward confirmation of [Plaintiff's] service [documents] prior to . . . depart[ing] . . . the law firm." [Doc. 10, p. 2]; [Doc. 15-1, Larimer Decl., ¶ 5 ("This individual's employment with FordHarrison LLP had recently terminated. The departing employee failed to forward confirmation of service prior to their departure from the law firm.")]; *see also* [Doc. 16, p. 3]. After careful consideration of the parties' arguments, a declaration submitted by Walmart's counsel, and the guidelines for

determining whether "good cause" existed to do so, the Court sat aside the Clerk's entry of default. [*Id.* at p. 4 (quoting *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996))]; *see also* [Doc. 17-1]. The pertinent portion of the Court's previous ruling as it relates to Plaintiff's requested relief was largely based on the notion that it was FordHarrison's fault that Walmart went into default in the first place.[1]

However, after the Court set aside the entry of default, Walmart's counsel filed a "Notice to Correct Record Regarding Declaration" [Doc. 17]. In short, the attorney from FordHarrison representing Walmart—Abigail Larimer—filed the notice "in the interest of correcting errors in [her] original declaration." [Doc. 17, p. 1]; *see generally* [Doc. 15-1] *in connection with* [Doc. 17-1]. In her second declaration, Ms. Larimer provides a corrected version of events as to how FordHarrison failed to timely respond to Plaintiff's Complaint on behalf of its client.

Via email, Walmart requested FordHarrison's representation to defend itself against Plaintiff's claims. [Doc. 17-1, Larmier Decl., ¶ 3]; [Doc. 20, p. 1]. Walmart sent that email to four FordHarrison employees: two clerical employees and two attorneys. [Doc. 17-1, Larmier Decl., ¶ 3]; [Doc. 20, pp. 1–2]. Neither of these clerical, non-attorney employees are the previously mentioned individual (from Ms. Larmier's original

---

[1] Often times, deciding whether to punish the client for a lawyer's actions—or in this case, inactions—can be a difficult line to toe.

3

declaration) who had departed FordHarrison. [Doc. 17-1, Larmier Decl., ¶ 3]. However, just before Walmart requested FordHarrison's representation, the previously mentioned employee "*did* leave the firm's employ[,]" and it was that individual's responsibility to send out case assignments to FordHarrison's lawyers. [*Id.* (emphasis added)]. Just before that individual left FordHarrison, though, FordHarrison gave her responsibility of assigning cases to another employee. [*Id.*]. Turns out, this other employee "was new to this [responsibility] and simply did not forward" Walmart's communications throughout FordHarrison "as expected." [*Id.*]. So, as anyone can easily see, the failure to timely respond to Plaintiff's Complaint was—as FordHarrsion candidly admits—still its fault. [Doc. 20, p. 1].

The contents of Ms. Larimer's second declaration don't change the Court's analysis one bit. "Good cause"—even with these adjusted facts—still exists to set aside the entry of default. *See* [Doc. 16, pp. 3–4] *in connection with* [Doc. 18, pp. 6–7]. It was FordHarrison's fault at the time the Court set aside the entry of default, and—although through error of a different FordHarrison employee—the common denominator for the untimely response remains constant from both declarations. It's FordHarrison. [Doc. 16, pp. 4–6]. It's difficult to imagine how Plaintiff truly thought this slight factual

4

adjustment would warrant relief under Rule 60 or more specifically, Rule 60(b).[2]  Her Motion for Relief [Doc. 18] is **DENIED**.[3]

      **SO ORDERED**, this 26th day of July, 2022.

                                          S/ Tilman E. Self, III
                                          **TILMAN E. SELF, III, JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[2] Federal Rule of Civil Procedure 11 is made to deal with circumstances such as this one, and the Court will continue to consider whether to order Plaintiff's counsel to show cause how he didn't violate it.

[3] The Court exempts Plaintiff's motion from its regular briefing schedule pursuant to Middle District of Georgia Local Rule 7.7.